**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X
SEAN LEGURNIC,

Plaintiff                        NO. 09-CV-1436 (ADS) (AKT)

-against-

**RULE 56.1 STATEMENT**

SALVADORE CICCONE, individually and in his
official capacity as an Officer of AGAPE WORLD,
Inc.,

Defendants.

-------------------------------------------------------------- X

Pursuant to Rule 56.1 of the Local Rules of Civil Procedure for the Southern and Eastern Districts of New York, Plaintiff Sean Legurnic submits her statement of material and undisputed facts.

## STATEMENT OF MATERIAL AND UNDISPUTED FACTS

1. Plaintiff and Defendant have been acquaintances for over 30 years.

2. Plaintiff entered into multiple contracts with Agape that were brokered by the Defendant Salvatore Ciccone for what was purported to be the for the financing of construction projects through bridge loans.

3. The construction projects were specifically identified, the investment was secured by the value of the project and each contract purported to offer a return of capital and interest of generally over 10% for a 3 to 4 month period.

4. Plaintiff invested approximately $180,000.00 total (with different checks and different times) that were given specifically to Salvatore Ciccone, who was his contact.

5. Salvatore Ciccone delivered multiple contracts to Sean Legurnic for the initial investments and the roll over contracts, which would rollover the money invested plus supposed interest earned.

6. Salvatore Ciccone made approximately four million dollars in commissions, some of which were from the contracts with the Plaintiff Sean Legurnic.

7. Salvatore Ciccone testified that 90% of his income came as a broker to Agape.

8. With the money from Agape, Salvatore Ciccone purchased at least two properties in Pennsylvania. He additionally owned properties in Maspeth which were sold, a Lexus GX470 and is currently residing in a house in Long Beach in a home purported to be owned by his wife.

9. Throughout the period of Plaintiff's investment, Defendant constantly assured him that he could get his money back at any time.

10. In June of 2008, Plaintiff asked Defendant for his money back on several different occasions, in response Defendant never returned any of Plaintiff's monies, made excuses and continued to solicit money from the Plaintiff via email and in person conversations.

11. Near the end of 2008, Plaintiff was aware that Nicolas Cosmo, President of Agape was incarcerated at Allenwood Federal Penitentiary for stock fraud and continued to solicit money from the Plaintiff and other investors.

12. Plaintiff specifically believes that the Defendant was soliciting money for a fraudulent enterprise several months before the Plaintiff requested to have his money returned.

13. In addition, Defendant was aware of rumors that Agape was a fraudulent enterprise in 2008.

14. On December 11, 2008 Defendant sent an email to his investors to encourage them to transfer any money they had in Agape World to have it transferred to Agape Merchant, which he described as a legitimate company that Nick Cosmo had a partnership in.

15. For several months prior to the dissolution of Agape World, Defendant asked Plaintiff for closeout contracts to return the Plaintiff's money which were returned and completed by the Plaintiff several months before the dissolution of Agape World.

16. Sean Legurnic never received any of his $180,000 investment back and said investment was never used for the purposes as enumerated in the contracts brokered by Defendant.

## CLAIM ONE
## SECURITIES FRAUD

17. The deposition testimony clearly shows inferences that the Defendant Salvatore Ciccone had both actual and constructive knowledge that Agape World was a fraudulent enterprise and continually solicited investment from the Plaintiff as well as knowingly made false statements regarding Plaintiff's investment when Plaintiff requested his investment back. The investment was for a specified percentage profit pursuant to a contract that was secured by the value of the construction project which must be considered a security instrument.

## CLAIM TWO
## COMMON LAW FRAUD

18. As stated in the previous there is certainly inferences that can be made that Defendant had actual and constructive knowledge that Agape World was a fraudulent enterprise, including Nicolas Cosmo's incarceration, the fact that he state Agape Merchant was a "legitimate" enterprise, the fact that he was aware and read rumors that Agape was fraudulent and that several investors were not receiving their money back. In response, Salvatore Ciccone continued to solicit the Plaintiff for investment and continued to earn commissions.

## CLAIM FIVE
## BREACH OF FIDUCIARY DUTY

19. Defendant was a broker of Agape and collected and solicited secured investment from the Plaintiff. Defendant earned approximately $4 million dollars in commissions in connection with Agape World.

## CLAIM SEVEN
## CONVERSION

20. The testimony clearly states that Salvatore Ciccone accepted $180,000.00 from the Plaintiff, received commissions on said monies, that he earned approximately $4 million dollars from Agape World. With said money Defendant purchased multiple properties as well as an automobile.

## CLAIM EIGHT
## CONSTRUCTIVE TRUST

21. The testimony clearly shows that the Defendant purchased multiple properties with illicit funds, some belonging to the Plaintiff.

## CLAIM TWELVE
## UNJUST ENRICHMENT

22. Defendant clearly states that he earned commissions from Sean Legurnic's investment and that Agape World was a fraudulent enterprise.

## CLAIM THIRTEEN
## NEGLIGENCE

23. The Defendant's testimony clearly shows that he had at least constructive knowledge that Agape World was a fraudulent enterprise, that Nick Cosmo was incarcerated for stock fraud, that he personally read rumors that Agape was fraudulent, that he was unable to pay back client funds and still continued to solicit investment. At the very least, Defendant's conduct was negligent.

## CLAIM FOURTEEN
## NEGLIGENT MISREPRESENTATION

24. As stated above in paragraph (23), Defendant's knowledge shows that a reasonable person would determine that the enterprise was fraudulent, however, up and until the dissolution of Agape World, Defendant continued to solicit investment for Agape World, promoting the enterprise and spurring investment, and making representations of it's legitimacy.

## CLAIM FIFTEEN
## BREACH OF CONTRACT

25. There is a writing which was brokered and solicited by Salvatore Ciccone between the Plaintiff on behalf of Agape World. Defendant received significant monies from each and every contract and is specifically referenced on the top of each and every contract as the broker with a specified routing number so that he may receive commissions.

WHEREFORE, based upon all of the above information, the Plaintiff believes that there are questions of fact that must be decided by the trier of fact and therefore, a motion for summary judgment is in appropriate.

Dated: July 19, 2012
Massapequa, New York

By: Arnab Bhukta (AB 7242)
*Attorney for the plaintiff*
5518 Merrick Road
Massapequa, New York 11758
(516) 797-9797