

LAW OFFICE OF
## ARNAB BHUKTA, PC.

5518 Merrick Rd.
Massapequa, NY 11758
Local: 516.797.9797
Toll Free: 877.507.9797
www.triallawyerny.com

May 7, 2014

**Via ECF**
Honorable Arthur D. Spatt
United States District Court
100 Federal Plaza
Courtroom 1020
Central Islip, New York 11722

RE: SEAN LEGURNIC vs. SALVATORE CICCONE.
Index #: 09-CV-1436 (ADS) (AKT)

Hon. Arthur D. Spatt,

Please find that this letter is submitted to direct the court to enter Judgment against the Defendant in the amount of $166,025.00 in punitive damages and $1.00 in nominal damages pursuant to the jury verdict entered on April 4, 2014. *See attached Verdict Sheet.*

Over a month has past since the jury has reached a verdict. The entry of said judgment is governed by the *Federal Rules of Civil Procedure: Rule 58b,* which states that the clerk may enter a civil judgment without the court's direction, (Fed. R. Civ. P. 58(b)(1)(a)), when the jury returns a general verdict. Additionally, the court must promptly approve the form of judgment which the clerk must promptly enter in the situation where the court returns a general or special verdict with answers to written questions. *See* Fed. Civ. R. P. 58(b)(2).

Furthermore, the counsel for the Defendant has made a letter motion to set aside the verdict on April 7, 2014 (*See* Document # 101), which was promptly denied on April 9, 2014 (*See* Document # 106). I have spoken to counsel for the Defendant, John Servider. I asked him if he was going to re-file a motion to set aside the April 4, 2014 verdict. Mr. Servider responded to me that if any motion of that sort was to be made, it would be made by different counsel. To date, I am unaware of any other or new counsel for the Defendant Mr. Ciccone.

According to Fed. R. Civ. P. 60(b)(1-3) the grounds for setting aside a jury verdict must be based upon mistake, fraud or newly discovered evidence. In the instant matter no assertion of fraud or newly discovered evidence has been indicated. Additionally, since the jury asked the specific question regarding punitive damages prior to reaching the verdict, there can be no mistake asserted.

Hon. Arthur D. Spatt
Legurnic V. Ciccone
May 7, 2014
Page 2

     Further, according to Fed. R. Civ. P. 60(c)(1), a motion to set aside must be made within a reasonable of time, for the above stated reasons, after the entry of the judgment, order or of the date of the proceeding. None of the reasons to set aside the verdict as prescribed by Fed. R. Civ. P. (60)(b)(1-3) are present or have been asserted. Additionally, as per the rule, the timeliness of the motion to set aside the verdict, should not delay the entry of the judgment, as it is clearly stated that the motion can be made within a reasonable time after the entry of the judgment. *See* Fed. R. Civ. P. 60(c)(1).

     For the above reasons, I request that the jury verdict reached on April 4, 2014 be entered and that the clerk be directed to enter and file the same.

     If you have any questions or need any additional information, please feel free to contact the undersigned.

                      Very Truly Yours,

                      Arnab Bhukta

CC: Via ECF
John Servider, Attorney for the Defendant