UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SEAN LEGURNIC,

                                  Plaintiff,

       -against-

SALVATORE CICCONE,

                                Defendant.
------------------------------------------------------------------X

Case No. 09-cv-01436 (ADS) (AKT)

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT AND/OR FOR JUDGMENT AS A MATTER OF LAW**

## COMBINED PRELIMINARY STATEMENT AND STATEMENT OF FACTS

Plaintiff apparently concedes that punitive damages are not permitted to be awarded for unjust enrichment, but nevertheless contends that the award of nominal damages by itself authorizes punitive damages. Plaintiff is mistaken.

Plaintiff misapplies and mischaracterizes cases in which punitive damages have been awarded for liability on claims other than unjust enrichment, and improperly relies upon facts not in evidence at the trial. Without even attempting to distinguish the many cases applying New York law that expressly prohibit an award of punitive damages for unjust enrichment, Plaintiff contends that the approval of punitive damages awards in certain other equity claims supports the verdict here. Plaintiff also appears to rely on factual allegations of a complaint brought by the Securities and Exchange Commission, which was not in evidence at the trial and has no probative value in any event.

Plaintiff fails to provide any factual or legal support for its contention that punitive damages are authorized, and Defendant's motion should be granted.

## ARGUMENT

### *PLAINTIFF MISSTATES THE ISSUES PRESENTED*

Plaintiff contends that the Defendant fails to identify any legal or factual matter overlooked by the Court in the determination that punitive damages are authorized when nominal damages are awarded. Defendant does not dispute that punitive damages are generally permitted in conjunction with an award of nominal damages. Instead, Defendant submits that punitive damages are not authorized for unjust enrichment.

The jury questioned whether it could award punitive damages "if we only award nominal damages" (*see* DE 104-1, Court Exhibit 3, annexed to Reply Declaration of Mark E. Goidell, Esq. as Exhibit "A"). At the time of that question, the fraud claim was still alive and viable, and

1

had not yet been found in favor of the Defendant. Under those circumstances, it was reasonable and appropriate to respond to the jury in the affirmative, and the Court did so.

The verdict determined, however, that Plaintiff did not establish his fraud cause of action. The only basis upon which to award punitive damages (and nominal damages, as well) was therefore dismissed.

Plaintiff contends that the Court should nevertheless permit the punitive damages award to stand, apparently relying on two separate bases. First, Plaintiff contends that the general power of to award punitive damages in equity claims permits punitive damages for unjust enrichment, citing *I.H.P. Corp. v. 210 Central Park South Corp.*, 12 N.Y.2d 329, 239 N.Y.S.2d 547 (1963) (affirming award of punitive damages for landlord's egregious interference with tenant's quiet use of premises). However, as set forth in Defendant's primary Memorandum of Law, this Court and many others since the *I.H.P. Corp.* decision have expressly held that punitive damages are inappropriate in an unjust enrichment claim under New York law. See *Alzheimer's Disease Resource Center, Inv. v. Alzheimer's Disease and Related Disorders Association, Inc.*, _ F.Supp.2d _, 2013 WL 5960748, at *10 (E.D.N.Y. Nov. 8, 2013); *Hutton v. Klabal*, 726 F.Supp. 67, 73 (S.D.N.Y. 1989); *Rosenberg, Minc & Armstrong v. Mallilo & Grossman*, 39 A.D.3d 335, 336, 833 N.Y.S.2d 485 (1st Dep't 2007).

Plaintiff argues that there is authority for the award of punitive damages for unjust enrichment, citing *Brooklyn Union Gas Company v. Diggs*, 2003 WL 42106 (Civil Court, Kings County, Jan. 2, 2003). Plaintiff's reliance on *Diggs* is misplaced. *Diggs* involved the theft of gas and related services by a consumer who had no account or gas meter with the plaintiff supplier. The defendant was found liable for both conversion and unjust enrichment, and punitive damages were awarded because he converted plaintiff's property and services. "In an

appropriate case, punitive damages may be awarded for conversion." *Id*. at *2. Nothing in the *Diggs* decision authorizes an award of punitive damages for unjust enrichment.

Second, Plaintiff appears to contend that punitive damages are appropriate because Defendant breached a fiduciary duty owed to Plaintiff. Here, the breach of fiduciary duty claim was dismissed during the trial when Plaintiff withdrew that claim on April 2, 2014 (*see* Trial Order, DE 99, annexed to Reply Declaration of Mark E. Goidell, Esq. as Exhibit "A"). No damages were or could have been awarded on that claim.

The award of punitive damages constitutes clear error, and striking the award pursuant to Rule 59(e) and/or Rule 50(b)(3) is required in order to prevent manifest injustice.

Finally, Plaintiff does not dispute that nominal damages are also inappropriate for unjust enrichment, and that the verdict awarding no monetary damages demonstrates that the jury necessarily concluded that there was no unjust gain conferred upon Defendant. The benefit to Defendant is an element of an unjust enrichment claim, and is the measure of damages. "It is well-settled that the measure of damages for an unjust enrichment claim is restricted to the reasonable value of the benefit conferred upon the defendants." *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F.Supp.2d 489, 534 (S.D.N.Y. 2011) (quotations and citation omitted).

The point has now been at least tacitly conceded by Plaintiff by his silence. "A plaintiff effectively concedes a defendant's arguments by his failure to respond to them". *Felske v. Hirschmann,* 2012 WL 716632, at *3 (S.D.N.Y. March 1, 2012). The nominal damages award must also be vacated.

3

## **CONCLUSION**

As a result of the foregoing, it is respectfully requested that Defendant's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) and/or for judgment as a matter of law be granted, and that the Court direct such other and further relief as it may deem just and proper.

Dated: Amityville, New York
       June 13, 2014

                                      Respectfully submitted,

                                      Law Office of Mark E. Goidell

                                      /s Mark E. Goidell
                                      Mark E. Goidell, Esq. (MEG-4786)
                                      Attorney for Defendant
                                      92 Broadway
                                      Amityville, New York 11701
                                      (516) 683-0001